CAMPBELL v. SOUTHWESTERN TELEGRAPH & TELEPHONE

COMPANY.

Opinion delivered June 30, 1913.

1.  VENDOR AND PURCHASER—RIGHT-OF-WAY OVER LAND—UNRECORDED DEED —NOTICE.—Where the·vendor of land had deeded a right-of-way over his land to a railroad, but the deed had not been recorded, held, the construction and occupancy of a right-of-way over said land by a railroad was sufficient to put a purchaser of the land on notice of the extent of the railroad's right-of-way. (Page 572.)

2.  RAILROADS—USE OF RIGHT-OF-WAY—OBSTRUCTIONS—DAMAGES.—A land owner whose land adjoins the right-of-way of a railroad company, can not claim damages for obstructions upon the land which the railroad company had the right to occupy, and the land owner can not recover damages from a telephone company for obstruction to the use of his land, by reason of poles, erected on the right-of-way of a railroad company. (Page 572.)

3.  RAILROADS—USE OF RIGHT-OF-WAY.—So long as a railroad company occupies any portion of its right-of-way, it has the exclusive use and control of the same, coextensive with the boundary described in the deed. (Page 573.)

4. TELEPHONE COMPANIES—LOCATION OF POLES—DAMAGES.—Nominal damages only will be awarded when three telegraph poles of defendant are on plaintiff's land, but close to the boundary line, and when defendant has been ordered to remove the same. (Page 573.)

5. COSTS—TELEGRAPH COMPANIES—ACTION FOR OBSTRUCTING USE OF LAND.—In an action against a telegraph company by a land owner for obstructing the use of the latter's land, it is proper for the chancellor to separate the costs of the litigation and tax the same against the respective parties according to the justice of the case. (Page 574.)

6. APPEAL AND ERROR—NOMINAL DAMAGES—REVERSAL—COSTS—EQUITY RULE.—In an action at law, on appeal to the Supreme Court, when nominal damages should have been recovered, the judgment will be reversed and judgment for costs rendered in the Supreme Court for the appellant, but the rule does not apply in equity, when the Supreme Court, as well as the chancellor, may exercise discretion in awarding costs. (Page 574.)

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Jones & Campbell,* for appellant.

1. The allegation that the Patterson Telephone Company is the one responsible is a pure conclusion of law, and demurrable. 38 Ark. 519; 43 *Id.* 296; 72 *Id.* 478.

2. It is not averred that seven years adverse possession had elapsed before suit. 73 Ark. 8. Nor that adverse possession was under color of title. 75 Ark. 593-5.

3. An offer to remove the poles is no defense to a suit for the use of land. 7 Ark. 405; 10 *Id.* 592; 11 *Id.* 442.

4. The motion to elect should have been sustained. The pleadings are repugnant and inconsistent. 13 Ark. 488.

5. The decree is not supported by the evidence, and is against the preponderance of the testimony. 101 Ark. 493.

6. Plaintiff's right to damages is plain. 51 Ark. 235; 97 *Id.* 242.

*Walter J. Terry* and *J. W. & J. M. Stayton,* for appellee.

1. It was the duty of the owner to take notice of the right by which the company took possession of the land. 34 Ark. 391; 37 *Id.* 195; 47 *Id.* 533; 41 *Id.* 173; 33 *Id.* 465.

2. At most only nominal damages were recoverable. 74 Ark. 358. In fact, *none* were proven.

3. The finding of the chancellor will not be disturbed unless clearly against the preponderance of the evidence. 101 Ark. 503.

McCULLOCH, C. J.   The plaintiff, Anna B. Campbell, is the owner of a quarter section of farm land located near the town or village of Tupelo, in Jackson County, Arkansas. She purchased the same from one J. M. Jones in the year 1900. Prior to that time, in the year 1885, the plaintiff's grantor had executed to the White & Black River Valley Railroad Company a deed conveying a right-of-way fifty feet in width through said tract of land running twenty-five feet each way from the center of the railroad track. The railroad was constructed by said railroad corporation along the center of the right-of-way, and has been occupied as such to the present time, said railroad property, including the roadbed, right-of-way, etc., having passed by mesne conveyances to, and is now owned and operated by, the Chicago, Rock Island & Pacific Railway Company.

The abutting land owners, including the plaintiff, have continued, without objection from the company, to cultivate the lands up to or near the roadbed.

During the year 1903, the Patterson Telephone Company constructed a telephone line, parallel with said railroad, to the city of Newport, Ark., and in doing so, crossed this tract of land owned by the plaintiff.

The court, on the hearing of the present cause, found from the proof that there were ten of the poles along the front of plaintiff's land, all of which were upon the right-of-way of the railroad company except three, which were just off the right-of-way and a few feet on the plaintiff's land.

The telephone line had been operated along there, as originally constructed, up to the date of the trial of this cause, and no compensation has been rendered to plaintiff for right-of-way across her land.

The Patterson Telephone Company sold out to the Southwestern Telegraph & Telephone Company, and in November, 1910, the plaintiff instituted this action in the chancery court of Jackson County against the latter to recover damages alleged to have been sustained in the sum of $1,000 by reason of the maintenance of said telephone poles over and along plaintiff's land, and to have a lien declared on the telephone line for the amount of damages recovered.

The Southwestern Telegraph & Telephone Company filed an answer, and also a cross complaint, asking that the Patterson Telephone Company, its grantor, be made a party to the action, which was done, and an answer was filed by that corporation.

On final hearing of the cause, the court found from the testimony that only three of the poles were on plaintiff's land, the others being on the right-of-way of the railroad company; that the said three poles were placed on plaintiff's land by mistake, the intention being to follow the right-of-way of the railroad company; that the defendants had offered to remove said three poles, and the court rendered a decree allowing the said Southwestern Telegraph & Telephone Company sixty days within which to remove the telephone poles from plaintiff's land, and directed the defendants to remove them within that time. The decree also was that plaintiff take nothing by the suit, and that the costs of the case be divided so that the plaintiff pay the costs incurred by her, and the defendants to pay their own costs. The plaintiff has prosecuted an appeal from that decree.

The evidence is sufficient to sustain the finding of the chancellor that only three of the telephone poles were located on plaintiff's land, the others being on the right-of-way of the railroad company.

Plaintiff's husband and agent testified that when he

purchased the land for plaintiff he did not know the width of the right-of-way, and was, therefore, not advised that the railroad company had a right-of-way to the extent of twenty-five feet on each side from the center of the track.

The right-of-way deed was not placed of record until after J. M. Jones conveyed the quarter section of land to the plaintiff; but the railroad had been constructed and the company's occupancy of the roadbed was sufficient to put all persons on inquiry as to the extent of its right-of-way. Plaintiff, when she purchased the land, was chargeable with notice of the extent of the railroad company's rights.

The question whether the railroad company had the right to grant a right-of-way to the telephone company does not arise, for the plaintiff's occupancy up to the edge of the roadbed was a permissive one, and she can not claim damages for obstructions upon the land which the railroad company had the right to occupy. So long as the railroad company occupied any portion of its right-of-way it had the exclusive use and right of control coextensive with the boundary described in its deed. *Ritter* v. *Thompson,* 102 Ark. 442.

Plaintiff can not, therefore, recover damages for obstruction to the use of land embraced in the right-of-way.

The three telephone poles on plaintiff's land were near the outer line of the right-of-way, and the evidence does not establish more than nominal damages to the plaintiff. The plaintiff directed all of her proof to establishing the amount of damages sustained by reason of ten poles running through cultivated land and the effect that the presence of the poles and wires would have upon town lots into which she expected to subdivide the land. The testimony of the witnesses which she introduced tended to show substantial damages upon that theory; but their testimony is without any force in establishing damages on account of three of the poles near the line of the right-of-way.

We are, therefore, of the opinion that the court was correct in refusing to assess any damages on account of the presence of the three poles which were ordered to be removed within sixty days.

The chancellor had the power to separate the costs of the litigation and tax the same against the respective parties according to the justice of the case; and it does not appear that there was an abuse of discretion in this case in so dividing the costs. *City Electric Street Railway Co.* v. *First National Bank,* 65 Ark. 543.

The plaintiff was entitled to recover nominal damages; but this court will not remand the cause for the recovery of nominal damages. *Crutcher* v. *Choctaw Oklahoma & Gulf Rd. Co.,* 74 Ark. 358.

The rule in an action at law is, that, on appeal to this court, where nominal damages should have been recovered, the judgment will be reversed and judgment for costs rendered here in favor of appellant; but the rule is otherwise in equity, where this court, as well as the chancellor, may exercise discretion in awarding costs. The decree is, therefore, affirmed.