SOUTHWESTERN BELL TELEPHONE COMPANY *v.* BIDDLE.

4-2648

Opinion delivered October 17, 1932.

*G. E. McCloud* and *E. B. Downie,* for appellant.

*H. B. Means,* for appellee.

KIRBY, J., (after stating the facts). Appellant insists that the court should have directed a verdict in its favor, it being undisputed that the line of poles was placed on the strip of land condemned by the Highway Department for changing the highway, which had authority under the statute, and granted it permission to erect the poles where they were placed, and that, having done so, they were not liable to the payment of any damages to appellee for their erection upon such right-of-way.

The statute provides, § 3989, Crawford & Moses' Digest, for construction and operation of telegraph and telephone, etc., lines "along and over the public highways

\* \* \* and streets of the cities and towns of this State, and on and over the lands of private individuals \* \* \* provided the ordinary use of such public highways, streets, etc., be not thereby obstructed, \* \* \* and that just damages shall be paid to the owners of such lands, railroad and turnpikes by reason of the occupation of said lands, etc., \* \* \* by said telegraph or telephone corporations.''

The relocation of highway No. 67 running along in front of appellee's property was made pursuant to an order of the county court of Hot Spring County in 1930. The Constitution (art. 7, § 28, Constitution of 1874) and our statute (§ 5249, Crawford & Moses' Digest) gives the county courts exclusive authority to open new roads and to make such changes in old roads as they may deem necessary and proper. Our court has held that said statute authorizes telephone companies to construct and operate and maintain its lines along and over the public highway and streets of the cities and towns, provided ''the ordinary use of such highways and streets be not obstructed by reason of the occupation by said telephone companies.'' *Ahrent* v. *Sprague,* 139 Ark. 416, 214 S. W. 68; *St. Louis, I. M. & S. Ry. Co.* v. *Batesville & Winerva Telephone Co.,* 80 Ark. 499, 97 S. W. 660.

The authority given by the said statute (§ 3989, Crawford & Moses' Digest) for telephone companies to construct, operate and maintain their lines over the public highways, etc., only gives them the free use of such highways, provided they be not obstructed thereby, so far as the State's interest and that of the public is concerned, expressly providing that ''just damages shall be paid to the owners of such lands, \* \* \* by reason of the occupation of said lands, \* \* \* by said telegraph or telephone companies.'' The statute could not authorize the free use of appellee's land in any event in this instance by the telephone company, since the injury complained of was not for erection of the poles and lines upon an old highway, already long established, but upon appellee's lands just being taken for a change in the location of such highway. Article 2, § 22, Constitution of 1874.

It is not denied that appellee had no notice of the condemnation proceedings, and certainly the statute did not contemplate that the landowner in a proceeding for condemnation of his lands for public use should not be allowed damages for the value of it, nor would he be expected to be bound by the allowance made for damages of which he had no notice, nor does the statute contemplate that he should be held to look to the county alone for payment of damages for his land taken for such public use.

We also think that the erection of a telephone line upon the public highway along lands of adjoining owners, in which the public only has an easement for use as a highway, would not prevent the owner of the land from collecting damages for the new servitude to which his land is subjected, such use not having been in contemplation when the easement was taken or granted.

The testimony for determining the value of such lands and the damage thereto is largely a matter of opinion of the witnesses, who are familiar with the location of the lands and the use for which they are best suited, having weight only as the reason given by such witness for such opinion of value may tend to convince the jury. *Ft. Smith & Van Buren Bridge District* v. *Scott,* 103 Ark. 405, 147 S. W. 440. The evidence is sufficient to support the verdict for damages, and the appellee could not evict the telephone company from the premises, and was limited to a suit for damages, as his remedy, not having been compensated therefor under the provision of the statute, § 5249, Crawford & Moses' Digest.

We find no error in the record, and the judgment is affirmed.

McHANEY, J., (dissenting). For nearly fifty years the act of March 31, 1885, now § 3989 of Crawford & Moses' Digest, has been the law in this State without amendment, and during all that time no person, except appellee, has conceived the idea that he might recover damages from a telephone or telegraph company for running a line of poles and wires along a street or public

highway in front of his adjacent land. At least the records and opinions of this court fail to disclose any such litigation. The majority opinion does not copy said section in full, and it is not clear from the part copied just what it means. The entire section reads as follows: "Any person or corporation organized by virtue of the laws of this State, or any other State of the United States, or by virtue of the laws of the United States, for the purpose of transmitting intelligence by magnetic telegraph or telephone, or other system of transmitting intelligence the equivalent thereof, which may be hereafter invented or discovered, may construct, operate and maintain such telegraph, telephone or other lines necessary for the speedy transmission of intelligence along and over the public highways and streets of the cities and towns of this State, or across and under the waters and over any lands or public works belonging to this State, and on and over the lands of private individuals, and upon, along, and parallel to any of the railroads or turnpikes of this State, and on and over the bridges, trestles or structures of said railroads; provided, the ordinary use of such public highways, streets, works, railroads, bridges, trestles or structures and turnpikes be not thereby obstructed, or the navigation of said waters impeded, and that just damages shall be paid to the owners of such lands, railroads and turnpikes, by reason of the occupation of said lands, railroads and turnpikes by said telegraph or telephone corporations. Act March 31, 1885."

It is a part of the chapter on Eminent Domain, and this section confers this power or right on such companies. It was enacted when the telephone business was in its infancy, and its purpose was to encourage the development of such business. The first right conferred was the right to build such lines over and along the public highways, and the streets of cities and towns of the State, and across or under the waters and over the lands or public works of the State, free of charge. Many thousands of miles of telephone and telegraph wires have been

constructed over and along public highways and streets of this State since March 31, 1885, and no adjacent property owner, or owner of property abutting on such streets or highways, nor the State, has received any compensation therefor, so far as I am advised. The remainder of said section confers the right or power to cross the lands of private interests for which "just damages shall be paid to the owners of such lands, railroads, turnpikes," etc. The only condition attached to the use of public property is that the ordinary use thereof be not thereby obstructed. This section makes no provision for the payment of "just damages" to any one for the use of streets, highways, or other public property, but only when such line crosses private property. This is conclusively shown by the two sections immediately following, sections 3990 and 3991. They read as follows:

"3990. In the event such telegraph or telephone companies should fail, upon application to such individuals, railroads, or turnpike companies, to secure such right-of-way, by consent, contract or agreement, then such telegraph or telephone corporations shall have the right to proceed to procure the condemnation of such property, lands, rights, privileges and easements in the manner prescribed by law for taking private property for right-of-way for railroads, as provided by sections 3992 to 3993, inclusive."

"3991. Wherever any such telegraph or telephone company shall desire to construct its lines on or along the lands of individuals, or on the right-of-way and structures of any railroads, or upon and along any turnpike, the said telegraph or telephone company may, by its agents, have the right to peacefully enter upon such lands, structures or right-of-way and survey, locate and lay out its said lines thereon, being liable, however, for any damage that may result by reason of such acts."

If these three sections, when read together and properly considered, fail to convince any one that such companies are given the free use of the State's highways, then certainly the decision of this court so holding should

do so. In *St. L., I. M. & S. R. Co.* v. *Batesville & Winerva Telephone Co.*, 80 Ark. 499, 97 S. W. 660, a case cited in the majority opinion, this language is used: "A telephone line is a public utility (Joyce on Electric Lines, § 275); and its public importance is recognized by clothing it with the power of eminent domain, and giving it *the free use of the State's highways.* Kirby's Digest, §§ 2934-2936, 2937, *et seq.*" These are the same sections of the digest now under consideration. This the opinion of the majority seems to hold in so far as the interest of the State or the public is concerned, but then it immediately knocks down the straw man it sets up by quoting and applying that part of § 3989 that "just damages shall be paid to the owners of such lands * * * by reason of the occupation of said lands, * * * by telegraph or telephone companies." Just what lands is intended by "such lands" and "said lands" unless it is the streets and highways, I do not know and cannot tell from the opinion. The opinion then states that "the statute could not authorize the free use of appellee's land in any event * * * since the injury complained of was not for the erection of poles and lines upon an old highway, already long established, but upon appellee's lands just being taken for a change in the location of such highway." Does the majority mean to hold that a telephone line might be built on an old highway without actionable damage to the abutting owner, but for such a line on a new highway such action would lie? Personally, I can see no reason in such a rule. The statute gives the free use of the State's highways to such companies whether new or old, and there can be no free use thereof if the abutting owners have a right of action for such use.

The telephone line in this case does not pass over appellee's land. It passes over what was his land until it was taken by Hot Spring County at the instance of the State Highway Department and condemned for use of one of the principal highways of the State,—a State and Federal highway. Appellee has either received or could have received full compensation for the land taken

and for damages to the remainder of the land not taken, if any, under the provisions of § 5249, Crawford & Moses' Digest, as construed by this court in *Sloan* v. *Lawrence County,* 134 Ark. 121, 203 S. W. 260, and the many subsequent decisions following it. In that case it was held that § 5249 is a valid statute, even though it provides "for the taking of private property by order of the county court for a public road, without notice to the interested landowner or a determination of the necessity therefor." First syllabus. It was further held, to quote another syllabus: "The power of eminent domain may be exercised by the sovereign State, without notice to the interested landowner: necessity for condemnation for strictly public use is a political question to be exercised by the lawmakers, and a hearing upon the question of necessity is not essential to the validity of the proceedings."

The fact therefore that appellee had no notice of the condemnation proceedings, conceding it to be a fact, is unimportant and not jurisdictional, as it is a taking by the sovereign State of Arkansas. He had a year in which to present his claim for damages to the county court and the right of appeal if not satisfied with the allowance made. In making his claim for damages he must make it for all damages he has sustained or will sustain by reason of the taking, not only for its primary use as a highway, but for such incidental uses as may be provided by law for which the State's highways may be utilized, such as their use by telephone and telegraph companies. In other words, when appellee's land was taken he was entitled to recover damages for all purposes for which the highway might lawfully be used. He could take one bite at the cherry, but no more.

The majority opinion also holds, if I understand it, that the erection of a telephone line along a public highway constitutes an additional servitude in the easement of the public for the highway, and that the abutting owner may collect "damages for the new servitude to which his land is subjected, such use not having been in contemplation when the easement was taken or granted." No cases

are cited in support of this statement. In *Campbell* v. *Southwestern Tel. & Tel. Co.,* 108 Ark. 569, 158 S. W. 1085, we said: "The question whether the railroad company had the right to grant a right-of-way to the telephone company does not arise, for the plaintiff's occupancy up to the edge of the roadbed was a permissive one, and she cannot claim damages for obstructions upon the land which the railroad company had the right to occupy. So long as the railroad company occupied any portion of its right-of-way, it had the exclusive use and right of control coextensive with the boundary described in its deed." So, in this case, the State's highway did not occupy the entire right-of-way over appellee's land, but it cannot seriously be contended that it did not have "the exclusive use and right of control coextensive with the boundary described" in its condemnation proceeding, and that appellee could not recover damages for obstructions upon the land which the State had the undoubted right to occupy seems necessarily to follow. There was therefore no additional servitude, or, if one, it was such as the State had the right to grant. There are many cases in other jurisdictions holding that a telephone line on a public highway is not an additional burden on the fee, several of which are cited in the brief of counsel for appellant. I will not undertake to cite them or comment on them. They are well-considered cases, but I think our own court has settled the principle in the Campbell case, *supra.* The case should be reversed and dismissed.

Mr. Justice Smith joins in this dissent.