ARKANSAS FUEL OIL COMPANY *v.* DOWNS.

4-6969                                    168 S. W. 2d 419

Opinion delivered February 15, 1943.

*Buzbee, Harrison & Wright,* for appellant.

*L. L. Mitchell,* for appellee.

Holt, J.  Appellee sued appellant to compensate for personal injuries resulting from a fall into a hole left by appellant on the right-of-way of state highway No. 53 in Bodcaw, Arkansas.  He alleged in his complaint that appellant, in removing one of its gasoline fuel tanks from its position on the public highway, "left a big hole where the underground tank had been . . . and the hole was left in such a way that the sides or walls sloughed off"; that it was "several feet deep and several feet wide" and was unguarded, and that as a result of appellant's negligent acts appellee, while walking along a path on the highway, fell into the hole and was injured.

Appellant answered, denying every material allegation in the complaint and in addition alleged that whatever injuries appellee received were due to his own contributory negligence.

Upon a jury trial there was a verdict for appellee, and from the judgment on the verdict comes this appeal.

Appellant makes no complaint about the amount of the judgment, but earnestly insists that the evidence was insufficient to take the case to the jury, and challenges the action of the court in giving, and refusing to give, certain instructions, over his objections.

When we view the evidence, as we must, in its most favorable light to appellee, it is to the following effect: State highway 53 runs north and south through the village of Bodcaw, and there are stores and residences facing the highway east and west. In November, 1940, appellant owned a filling station facing west on the highway and on the northeast corner of a road intersection. Joe Downs, appellee, lived across the highway from appellant's filling station. The highway right-of-way was 100 feet wide. However, only a part of the right-of-way had been surfaced for the highway and was being so used by the traveling public. Appellant had buried one of its 260-gallon fuel tanks within the boundaries of the highway right-of-way, a distance of two feet from the east boundary line of the right-of-way. About December 1, 1940, appellant removed this fuel tank, which had occupied a space six feet deep, six feet long and about five feet wide. After removing the tank, dirt was loosely placed in the hole to within two inches of the top. It was not packed or tamped. The edges of the hole were shaved off, sloping toward the hole. There was a beaten path along the edge of this hole on the right-of-way. The hole was left in this condition and there was no rain, of any consequence, until December 28, 1940, when a hard rain fell and continued to fall on December 29, filling the hole and covering the ground around it.

At about 8 o'clock on the night of December 29, 1940, appellee, with his burning flashlight in his hand, walked across the highway from his home intending to go to his cow lot back of appellant's filling station. The night was dark. His mission was to procure a tub for his livestock. His version of what happened was—(quoting from appellant's brief) "It had rained the night before and practically all that day and water was standing all around. I was trying to keep out of it as much as I could. I stepped on the edge of the hole with my right foot and it slipped and got under this one and threw me. My right foot hit the slanting place. It was sloped off with a shovel instead of being filled up like anything would be, and when I hit the slope, this foot slipped and when I went back a step to keep from falling, I had this

one blocked and it threw me over. The hole is still there, but it isn't as deep as it was. The hole is on the highway right-of-way. I had never thought anything about it or paid much attention to it before I got hurt." There was testimony that the hole at the time of appellee's injury was about knee deep.

Appellee purchased the filling station property and (quoting from appellant's brief) "the business transaction started about the 25th or 26th day of December. Mr. P. H. Herring was financing it for me. I was going to buy it in order to keep my competitor out. Mr. Herring said if we could get insurance on it and get the proper papers, he would finance me. We started on the deal about the 25th or 26th of December, and the 7th of January, Mr. Herring got the insurance papers and the deed. I was in bed there and that was when we completed it." The deed was dated December 23, 1940, and filed for record December 26.

On the evidence presented in this case we are not prepared to say, as a matter of law, that there is no substantial evidence upon which the jury was warranted in basing its verdict. The evidence shows that appellant dug the hole in question on the right-of-way of state highway 53. At the time of appellee's injury the dirt in the hole had sunk to a depth of . . . as expressed by one witness, "knee deep." It was unguarded and unprotected. Appellee, on the night that he was injured, with a burning flashlight to light his way, while walking along the path by the edge of this hole, slipped down its sloping edge and was seriously injured. The hole was full of water and the ground around it covered with water at the time, and we think the question whether appellee was guilty of any contributory negligence in the circumstances was a question which the trial court properly submitted to the jury. In this connection the jury was told that appellee could not recover if he were guilty of the slightest degree of negligence contributing to his injury.

While it appears that the hole into which the appellee fell was not in the regular traveled portion of the

highway, but was near the boundary line of the right-of-way, we think this would not relieve appellant from liability in the circumstances here. The general rule as stated by the textwriter in 29 C. J., p. 677, § 442, (4), is, "a person causing a defect or obstruction in a highway, although outside the traveled way, is liable for injury resulting therefrom," and in 15 Am. & Eng. Enc. Law 2d Ed., p. 492, the rule is stated as follows: "The right of the public to use a highway extends to the whole breadth thereof, and not merely to the part which is worked or actually traveled; and consequently, an obstruction upon the untraveled part is a proper subject of complaint by the public or persons specially injured," and in American Jurisprudence, Vol. 25, p. 809, § 527, we find this language: "Even though the entire width of a highway is not prepared for travel, or although a bridge or culvert does not extend to its entire width, the public rights of passage are not thereby limited in favor of one who places an unauthorized or improper structure within the highway limits, nor is the latter relieved from liability for injuries resulting therefrom by reason of the fact that such obstruction is outside the traveled way."

While in the instant case appellee knew of the existence of the hole, the test as to whether this knowledge would amount to contributory negligence on his part when he attempted to walk by the hole, fell in and was injured, is clearly stated in *McTiver* v. *Grant Twp.*, 131 Mich. 456, 91 N. W. 736, where the court said: "But the true test is, Was the danger arising from the known defect obviously of such a character that no person in the exercise of ordinary prudence would attempt to pass over the highway at that point? If not, it is not negligence, as a matter of law, for one to attempt to pass over a highway known to be defective."

As noted above, we think this question was properly submitted to the jury.

Appellant argues that appellee owned the property in which the hole had been left by appellant, at the time he, appellee, received his injury and, therefore, he as-

sumed full responsibility to the public for its condition and could not recover for this reason. We cannot agree with this contention.

As we read this record the undisputed facts are that the hole, into which appellee fell, is well within the boundaries of the right-of-way though not on the highway portion. This right-of-way (100 feet in width) had been dedicated to and acquired by the public for its use and was under the control of the public. While it is true that the interest which the public acquires by a dedication for highway purposes is an easement with the fee remaining in the adjacent landowner (*Hoxie* v. *Gibson*, 150 Ark. 432, 234 S. W. 490), as indicated, appellee, though he be the abutting landowner, had no control over the land within the boundaries of the right-of-way which had been dedicated to public use, so long as it was used for the purposes for which it was dedicated. The duty did not rest upon appellee to go upon public property and remove an obstruction negligently left thereon by appellant or anyone else.

We have carefully considered the instructions given, as well as those refused, and find no error.

The judgment is affirmed.

McFADDIN, J., disqualified and not participating.