ROEDENBECK *v.* SCOTT.

4-8232                                         204 S. W. 2d 160

Opinion delivered June 16, 1947.

Rehearing denied September 22, 1947.

*Pryor, Pryor & Dobbs,* for appellant.

*Hugh M. Bland,* for appellee.

ROBINS, J.    Appellees, Nelson Scott and American Insurance Company, Scott's insurer, were awarded verdict for $1,700 in their suit against appellant for damages inflicted by automobile driven by appellant when it struck a filling station owned by Scott. From judgment entered on the verdict this appeal is prosecuted.

Appellee Scott was the owner of a filling station situated in the fork of Highway 71 and Highway 45, in Fort Smith, Arkansas. Shortly after midnight on March 10, 1946, the Buick sedan, owned and driven by appellant, struck the filling station, knocking down two pillars, pulling the roof loose, and inflicting other damage.

Appellant's answer to complaint of Scott, asking damages in the sum of $2,115, was a general denial and a plea of contributory negligence. By way of cross complaint, appellant asked judgment against appellee Scott for $700 for damage to his car, which he alleged was caused by said appellee having erected the pillar, struck by the car, in the right-of-way of the highway.

Appellant and his friends were driving to a night club and prior to the accident appellant had drunk two bottles of beer. There were two bottles of whiskey in the automobile, but occupants of the car denied that they had opened the whiskey. They testified that the breaking of the whiskey bottles in the collision caused the odor of whiskey noticed immediately after the accident. One of the young ladies in appellant's car claimed to be the owner of the whiskey, stating she had purchased it to give to her father and a friend. Appellee Scott testified that the seal on one of the whiskey bottles had been broken. He also testified that immediately after the accident appellant promised to reimburse him for the damage. This statement was not denied by appellant. There was no dispute in the testimony as to the amount of damage to Scott's building, nor is it contended here that the verdict is excessive.

Appellant's version of the occurrence was that he was meeting two cars and one of them attempted to pass the other, forcing appellant from the concrete slab onto the gravel, which caused his automobile to skid and strike the pillar. He testified that he was driving at a speed of from 35 to 40 miles an hour.

An employee of the State Highway Department testified that the right-of-way of Highway 71 at this point

was shown by the map on file with the department to be seventy feet wide, and that his measurement disclosed that from the center of the highway to the pillar struck by appellant was a distance of only thirty-two feet.

The lower court refused to submit appellant's claim against appellee Scott, for damage to appellant's automobile, to the jury, and, in effect, told the jury that, if they found that appellant was negligent in the driving of his car, and the damage to appellee Scott's property was caused by this negligence, they should return a verdict for appellees.

Several contentions for reversal are urged by appellant, but they are all based on his argument that since Scott's pillar was three feet over in the right-of-way of the highway it amounted to a nuisance, and that the maintenance of this nuisance by Scott was the proximate cause of the damage to the building, as well as to appellant's car.

It is argued by appellant that our opinion in the case of *Arkansas Fuel Oil Company* v. *Downs,* 205 Ark. 281, 168 S. W. 2d 419, wherein we upheld a judgment against the oil company for injuries sustained by Downs when he fell into an excavation caused by removal of a gasoline tank in the right-of-way of a highway, authorizes a holding here that appellee Scott was negligent in maintaining the pillar in the right-of-way.

The facts in that case are not similar to those in the instant case. In that case it appeared that Downs was injured by falling into the open pit (the existence of which he had knowledge) while walking in the dark. There was no contention that Downs was negligent in anything he did. Here the jury found that appellant was negligent in his driving. Nor can it be said that the menace of an open excavation is the same as that created by a pillar supporting a filling station.

There was no testimony indicating that the maintenance of the pillar interfered with traffic over the highway. English cases, such as *Rex* v. *Bartholomew* (1908),

1 K. B. 554, and *Reg.* v. *Lepine,* 15 L. T. (N. S.) 158, lay down the rule that even though a building may encroach on the right-of-way of a public highway such building does not constitute a nuisance unless it obstructs traffic to an appreciable extent. We do not find such a rule expounded in any of the decisions in this country, nor do we deem it necessary to determine in this case its correctness.

The testimony showed that the pillar in question had been in the same location for seventeen years. There was no evidence tending to establish that Scott, before the accident, knew that the pillar was located on the right-of-way, or that there had ever been any complaint made by the Highway Department, or by anyone, as to its location. Scott did not build the pillar. It was a part of the building when he bought the property. Appellant admitted that he knew of the pillar being located where it was. The evidence showed that there was room enough, between the pillar and the concrete slab, for two—and possibly three—cars to pass.

We conclude that, under all the circumstances shown, Scott was not guilty of maintaining such a nuisance as to absolve appellant from liability for negligently damaging the building or to render Scott liable for damage to appellant's car.

If it be conceded that the pillar was such a purpresture that its maintenance could have been enjoined or abated by the proper authorities, this would not authorize an individual, without notice and without complaint, to destroy it negligently. Even in those cases where it is permissible for a private citizen to abate a nuisance, the abatement must (except in an emergency) be effected only after notice to the owner and it must be done in such a manner as to cause the least damage. 46 C. J. 757. It is not even suggested that there had been any complaint from appellant as to the pillar, which doubtless could have been moved out of the right-of-way at comparatively small expense and with little damage to the building.

We conclude that the lower court ruled properly as to the respective liability of the parties.

The jury by their verdict found that the damage was caused by the negligence of appellant. There was substantial testimony to support this finding.

The judgment appealed from must, therefore, be affirmed.