ARK. STATE HIGHWAY COMMISSION *v.* DOBBS.

5-2146                                   340 S. W. 2d 283

Opinion delivered October 10, 1960.

[Rehearing denied December 5, 1960]

*Dowell Anders* and *Thomas B. Keys,* for appellant.

*Jack Yates, Clinton R. Barry* and *D. L. Grace,* for appellees.

PAUL WARD, Associate Justice. This litigation relates to the taking of property for highway purposes, and the principal question involved is the sufficiency of the notice of entry by the State Highway Department. The chancellor held in effect that there was no sufficient notice of entry, hence this appeal by the Highway Department.

The essential facts are not in dispute.

At the July, 1929 term of the Johnson County Court there was placed of record, at the request of the Arkansas Highway Commission, an Order appropriating certain lands for the purpose of making "changes" in State Highway No. 64 (commonly known as the Ozark-Clarksville Road). The lands affected by this Order extended along or near highway 64 a distance of 6 or 7 miles, and they were described relative to a Centerline, starting at the Franklin-Johnson County Line and running west. Said Centerline was designated by a lengthy compilation of survey notes setting forth "Stations", degrees, and distances—there being 39 Stations in all. Following this there was a separate compilation of figures showing the extent of the appropriated lands north and south of each Station, vary-

ing in an overall width of from eighty feet to one hundred eighty feet. At the end of the Order was a warning that the affected landowner "must present his claim to the court within one year from the date of this Order (July 13, 1929) or be forever barred."

A portion of the Centerline ran along a street in the town of Coal Hill upon which street abutted the property of the three appellees herein. At this place the Order affected property forty feet on each side of the Centerline, whereas the existing street was apparently only twenty feet wide. None of the appellees made a claim for damages within the said one year period.

In 1932 or 1933 the State Highway Department improved and surfaced the entire width of the said street without objections from appellees. After this and up to the year 1959 the Highway Department, according to the great weight of the evidence, did nothing to indicate it was claiming control over or intended to use any of appellees' property abutting the street or highway, but it did maintain the street or highway for a width of approximately twenty feet. Also, at no time after the Order and before it began its improvements in 1932 or 1933 did the Highway Department mark off, stake off, or otherwise physically indicate it was claiming use of more land than the original street.

In 1959, when the Highway Department undertook to improve and widen the street or highway in front of appellees' property they refused to give possession or entry, and the Highway Department asked for injunctive relief in the Chancery Court to obtain possession of and entry upon the additional land covered in the County Court Order. The chancellor granted the Highway Department the right of entry to the extent it desired, but only on condition that it post a cash bond "to guarantee payment of the defendants' damages, if any" for the land so appropriated.

In reaching the conclusion to affirm the Chancellor, in requiring the Highway Department to post a bond to guarantee payment to appellees for their land used in

widening the street or highway in front of their homes, we by-pass certain procedural questions raised by the pleadings and argued in the briefs, and base our decision on the ground that, under the facts and circumstances of this particular case, appellees had no adequate notice of entry by the Highway Department relative to the subject lands.

Underlying our approach to this issue is Article 2, Section 22 of the Arkansas Constitution which reads: "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor." It is conceded that appellees' property has been taken and that they have received no compensation therefor. It is also reasonably certain that they will not receive compensation unless it is paid by the Arkansas State Highway Department.

For a reversal appellant relies heavily on the general rule well established by many decisions of this court that a landowner has a limited time to file a claim for land condemned for public purposes under a lawful court order, and that this limited time begins to run when the land is actually taken, that is, when an entry is made by the condemner. Thus it is here argued that the Highway Department made an entry in 1932 or 1933 when it improved the street or highway in front of appellees' property, that such entry was made pursuant to a lawful Order by the County Court in 1929, and that appellees filed no claim within the time provided by the Order. It is taken as conceded that the County Court Order was lawful and that appellees filed no claims within the time allowed by the Order. It is appellees' contention however that under all the facts and circumstances shown by the record here the entry by the Highway Department in 1932 or 1933 did not constitute notice to them that the State was entering upon or was taking any land outside the bounds of the original street or highway. As heretofore indicated we agree with appellees' contention.

From a practical or common sense standpoint, it is not unreasonable to believe that appellees were lulled into inaction and entrapped into a failure to file claims. It is

axiomatic that insufficient notice is no notice at all. Certainly the County Court Order would have conveyed to appellees no clear conception of the extent of the taking had they known about it. The Order was not even published and it is not shown that appellees had actual knowledge of its existence. Therefore the entry by the Highway Department on the already existing street was not actual notice that abutting lands were being taken or would ever be used. It is not unreasonable to assume that appellees, like most people in similar circumstances, would not object to but would be pleased with the improvement that was being made, and consequently they had no desire to seek compensation. Under these circumstances the chancellor was properly alert to prevent an obvious injustice to appellees, providing he could do so without violating previous decisions of this court. A careful examination of some of our decisions leads us to conclude that the Chancellor's findings were proper and justified.

In *Bollinger* v. *Arkansas State Highway Commission,* 229 Ark. 53, 315 S. W. 2d 889, there existed a factual situation almost parallel to the one in this case, and the court there gave Bollinger an opportunity to file his claim with the county court some 30 years after the condemning order was made and after the first taking by the Highway Department. Also in that case, unlike this case, there was evidence that the landowner had actual notice of the original taking. In *State Highway Commission* v. *Holden,* 217 Ark. 466, 321 S. W. 2d 113, where there was a County Court Order without notice to the landowners the court approved this language:

"It is our view that the act of taking is not complete *when the judgment of condemnation* is rendered. Since such judgment may be without notice, the lawmaking body must have had in mind an order of condemnation followed by entry upon the land. *Such entry, being physical and visible, affords the proprietor an opportunity to exact payment or to require a guaranteeing deposit.*" (Emphasis supplied)

In that case the Court said ". . . that the landowner is entitled to damages as of the date when the act of

taking is *complete*—that is, when his lands are actually entered and taken under the order.'' (Emphasis supplied) The Court also said: ''The fact that the Highway Commission had put stakes through Holden's land before he planted the crop is not determinative. There were several sets of stakes; and the highway was not constructed along one line of stakes, but went according to another line.''

Appellant cites several cases to sustain the proposition that entry upon part of a right-of-way is an entry on all of it. Typical of the cases cited are *Campbell* v. *Southwestern Telegraph & Telephone Company*, 108 Ark. 569, 158 S. W. 1085, and *Arkansas Fuel Oil Company* v. *Downs*, 205 Ark. 281, 168 S. W. 2d 419. In the former case the right-of-way was deeded by the landowner, hence there could be no question about the extent of the right-of-way. In the latter case appellee sued in tort for injuries received on the right-of-way, and the decision in no way affects the issue here involved. The cases heretofore cited emphasized the important distinction between a situation where the landowner is a party to the condemnation proceedings and a situation, as here, where the landowner was not a party and where he had no actual notice.

Our conclusion therefore, based on the facts and circumstances of this case as heretofore set forth, is that appellees did not have such notice, either in 1929, 1932 or 1933, of appellant's intention to take to the full extent of the Order so as to start the running of the statute of limitations against their claims. Consequently, the decree of the trial court is affirmed, but the cause is remanded to give appellees an opportunity to prove their damages and recover judgments therefor. Also, in order to avoid further misunderstanding and litigation, we here announce that when and if such judgments are obtained they must be paid by appellant provided they are not paid upon proper presentation to the County Court of Johnson County.

Affirmed and remanded.

PAUL WARD, Associate Justice, on rehearing. Appellant strenuously contends that if the original opinion is allowed to stand it will seriously interfere with its Pri-

mary Road Program. This fact if true has, of course, no binding legal significance, but the assertion does impel us to carefully re-examine the opinion in the light of other suggestions of error.

The essence of appellant's objections appears to be: (1) There is no evidence in the record to sustain the finding that the new highway construction in 1932 or 1933 was along an already existing road or street; (2) If there was such a street there is no evidence to sustain the finding that it was 40 feet wide, and (3) The evidence does not sustain the finding that appellees had no notice of the taking by the Highway Department when the entry was made in 1932 or 1933. A careful re-examination of the record reveals no support for appellant's contentions.

(1) On this point, a re-examination of the record sustains our finding that the 1932 or 1933 road was constructed where a street already existed in the Town of Coal Hill. The opening statement in appellees' brief on appeal contains this statement: "The appellees own property adjacent to and fronting upon a street in the incorporated town of Coal Hill, Arkansas. This street was dedicated to public use and was in actual use as a public highway long prior to 1929; its width was 20 feet on each side of the center line, or a total width of 40 feet." This statement was not contradicted by appellant although the case was orally argued.

(2) Appellant, on rehearing, says: "There is no evidence in the record that there was a forty-foot street." In the opinion there is this statement: "At this place the Order affected property forty feet on each side of the Centerline, whereas the existing street was approximately only twenty feet wide."

(3) This objection begs the answer to the one fundamental issue of sufficient notice. It is obvious from the entire record that appellees knew appellant was engaged in improving (concreting a strip 18 feet wide) along the existing street, and also that the shoulders were being maintained for a few feet on each side. The

essence of the opinion is that this kind of notice, under the facts in this case, was insufficient as to the full extent of the land described in the County Court Order.

In the last paragraph of the opinion we stated that it was "based on the facts and circumstances of this case." To further emphasize the limited scope of the opinion we here reaffirm that statement, now that the facts and circumstances have been re-examined.

Rehearing denied.