Ark. State Hwy. Comm. *v*. Doyne E. Jerry, et al

5-4048                                              408 S. W. 2d 864

Opinion delivered December 12, 1966

*George O. Green* and *Phil Stratton,* for appellant.

*Mahony & Yocum,* for appellee.

Ed. F. McFaddin, Justice. The question in this case is the legal width of Highway No. 167 in front of the appellee's store. The Chancery Court held that the right of way was only 80 feet wide instead of the 120 feet, as urged by the appellant; and from that decree there is this appeal.

The appellant, Arkansas State Highway Commission, filed this suit seeking a mandatory injunction to compel the appellee, Doyne E. Jerry, to remove his gasoline pumps and a portion of the store building as encroachments on the right of way of Highway No. 167 in Union County. The appellant alleged that in 1934 the

County Court of Union County made an order describing the center line of the highway and fixing the right of way *to be* 60 *feet* on each side of the center line at the location here involved; and that the appellee had encroached on the said right of way.

The appellee offered two defenses to the complaint: (a) that there had been no notice given to the landowner in any way of the said 1934 Court order; and (b) that the County Court order of 1934 did not in fact make a right of way in front of the appellee's property any wider than the pre-existing 40 *foot* distance on each side of the center line.

The cause was heard *ore tenus* by the Chancery Court and resulted in a decree in favor of the appellee. The decree contains these findings, which fairly summarize the preponderance of the evidence on the matters mentioned:

"1.  An Order of the County Court of Union County, Arkansas, was entered on May 2, 1934, copy of which is attached to the Complaint, and appears as Matter No. 31-B on the County Court Records of Union County, Arkansas, asking for changes in whole or in part of State Highway No. 167. This Court Order purported to cover a distance of some 6,400 lineal feet on Highway 167 to the South of El Dorado, Arkansas. So far as the records in this case show, no notice was given to anyone of the entry of said Court Order. The burden of proof was on the plaintiff in this case to show that such notice was given and it has failed to sustain said burden of proof. . . . The State of Arkansas did not enter into possession of 60 feet of right-of-way to the left of the center line nor did it enter into possession of more than 40 feet to the left of the center line. . . . That according to the Stipulation of counsel for plaintiff and defendant the course of the road was not changed in front of the lands' acquired by the defendant, Doyne E. Jerry, extending North from

said intersection and said road is presently located in exactly the same location that it was prior to the entry of said order in 1934 so that there was no notice by reason of change in the location of the road."

From the Chancery decree refusing the desired relief, the appellant prosecutes this appeal, urging two points:

"I.  The trial court erred in finding appellees and their predecessors in title had no notice of the entry of the 1934 county court order.

"II.  The trial court erred in finding that the 1934 county court order condemned only a 40-foot right of way left of the center line between Stations 232 plus 60 and Station 238, the end of the job."

Appellant's second point involves a dispute between the witnesses as to whether the 1934 County Court order actually had enough descriptive power to reach or involve the right of way in front of appellee's store building. Since we find the Chancery decree was correct on appellant's first point—*i. e.*, absence of notice—it becomes unnecessary for us to decide the second point.

In recent years we have had occasion to consider a large number of cases which involved County Court orders made under Act No. 611 of 1923 (as now found in Ark. Stat. Ann. § 76-917 [Repl. 1957]). Some of these cases are: *Miller County* v. *Beasley,* 203 Ark. 370, 156 S. W. 2d 791; *State Hwy. Comm.* v. *Holden,* 217 Ark. 466, 231 S. W. 2d 113; *Ark. Hwy. Comm.* v. *Dobbs,* 232 Ark. 541, 340 S. W. 2d 283; *Ark. Hwy. Comm.* v. *Cook,* 233 Ark. 534, 345 S. W. 2d 632; *Ark. Hwy. Comm.* v. *Anderson,* 234 Ark. 774, 354 S. W. 2d 554; *Ark. Hwy. Comm.* v. *Cook,* 236 Ark. 251, 365 S. W. 2d 463; *Ark. Hwy. Comm.* v. *Dean,* 236 Ark. 484, 367 S. W. 2d 107; and *Ark. Hwy. Comm.* v. *Scott,* 238 Ark. 883, 385 S. W. 2d 636.

We have repeatedly held that the burden is on the Highway Commission claiming under said County Court order to show that the affected landowner had notice of said County Court order; and that such notice could be established in any one of several ways, as by entry on the land under the authority of the order, or by the landowner filing a claim for right of way included in the said order, or by any act tantamount to a showing that the landowner knew of said order or had notice of facts which, if reasonably pursued, would have resulted in such notice. In the case at bar the appellant insists: that when the County Court order was made in 1934 the particular store building tract here involved (location in Section 23) was owned by a Mr. Smith, who also owned land in the adjoining Section 22; that a tract of Mr. Smith's land was taken in Section 22 for a borrow pit, the dirt from which was used to elevate the right of way; that even though Mr. Smith filed no claim against the County, still he knew of the borrow pit taking; and that such knowledge of the borrow pit taking put him on notice of the County Court order enlarging the right of way from 40 *feet* to 60 *feet* on either side of the center line in front of the store building here involved. Of course, notice to Mr. Smith, as the owner in 1934, would be notice to the appellee, who acquired title from Mr. Smith by subsequent mesne conveyances. Because of these facts the appellant insists that the Chancery decree should be reversed.

The answer to the appellant's argument on the notice question is found in the stipulation made by the Highway Commission in the Trial Court, and by the application of our cases to such stipulation. In the course of the trial below, the Commission made this stipulation: "The State stipulates that for the distance along Highway 167 that the roadway was not changed in 1934 along this 420 foot [strip] we claim . . . ." Thus there was no entry by the Highway Commission on the 20-foot strip here involved. The right of way remained the same. The fact that some other land was taken in another section for a borrow pit would not lead a prudent

person to suspect that the right of way was widened on the tract here involved. To show his own good faith in the matter, but not having the effect to bind the appellant, the appellee testified that before he enlarged his store building he checked what he thought were right of way signs—*i. e.*, utility poles, etc.—and these all indicated a right of way only 40 feet wide from the center line on his side of the highway.

The holding in *State Hwy. Comm.* v. *Dobbs*, 232 Ark. 541, 340 S. W. 2d 283, is ruling here. In that case there was a court order in 1939 widening the right of way in front of a store building in the town of Coal Hill, but there was no actual widening done by entry *at that place. At another place* a short distance away from the store building there was a widening, but not in front of the store building involved. That is exactly the situation in the case at bar; and the holding in the Dobbs case is ruling here. In addition to *Highway* v. *Dobbs, supra,* attention is also called to *Highway* v. *Anderson, supra,* and *Highway* v. *Cook, supra.* We conclude that the Chancery decree should be affirmed because of absence of notice to the landowner of the 1934 County Court order.

Affirmed.

George Rose Smith, J., concurs.

George Rose Smith, Justice, concurring. Counsel for both sides appear to have overlooked that part of Rule 9 (d) which provides that when a map, plat, or other exhibit must be examined for a clear understanding of the testimony, the burden is on the appellant either to attach a reproduction of the exhibit to his abstract or to obtain from the court a waiver of that requirement. Here the briefs of both parties repeatedly direct our attention to certain exhibits, but they have not been reproduced. I'm happy to see the case being decided on its merits, but in candor I must say that without the exhibits I found the testimony incomprehensible. Hence this concurrence.