CATHEY *v.* ARKANSAS POWER & LIGHT COMPANY.

4-4392

Opinion delivered November 2, 1936.

*Howard Hasting,* for appellant.
*C. M. Erwin, Jr.,* for appellee.

MEHAFFY, J. The appellant brought suit in the Jackson circuit court against the Arkansas Power & Light Company, appellee, for damages to his land alleged to have been caused by erecting poles, upon which appellee strung heavy metallic wires and cables, over which was passed a powerful and dangerous current of electrical energy; that said trespass was committed without permission of the appellant, and without compensating or paying appellant anything, and that his land had been damaged in the sum of $600. It was further alleged in appellant's complaint that appellee had cut down and destroyed trees that were growing on the land of the value of $200, and that appellee's agents trampled upon and spoiled the grass and herbage then growing on the land of the value of $200; and prayed for judgment for $1,000.

Appellee answered denying the allegations of the complaint, and alleged that if any trees were cut, appellant consented and gave his permission; that the poles erected were in the right-of-way of state highway No. 18, and not on the lands of the appellant, and not inside the inclosure of appellant; that said poles and lines were constructed on said highway right-of-way adjacent to said property under and by virtue of the provisions of the laws of the state of Arkansas; that the use and occupation of said highway right-of-way, over which the poles and lines were constructed and maintained, has been continuous for more than seven years; and pleads the statute of limitations.

The evidence introduced by appellant showed that he was the owner of the lands over which the poles and lines were constructed and that he did not give permission to build the lines upon his land and that his farm had been actually damaged by the construction of this danger-

ous line near one of his farm tenant houses. The evidence also showed that the land was worth from $25 an acre to $75 an acre.

The court, at the request of the appellee, instructed the jury to return a verdict in favor of appellee. Motion for new trial was filed and overruled, and the case is here on appeal.

It is undisputed that appellant owned the land and that appellee constructed its poles and lines on appellant's land. Appellee claimed that it had a right to construct them as it did because they were constructed on the right-of-way of a State highway.

The condemnation of land for a highway does not deprive the landowner of the fee in the land, but the right-of-way gives the public a right to use it as a highway. The appellee, having erected its poles and wires on appellant's land, was a trespasser and liable for nominal damages whether there were any actual damages shown or not.

This case is controlled by the case of *Southwestern Bell Telephone Company* v. *Biddle,* 186 Ark. 294, 54 S. W. (2d) 57, 687. In that case we said: ''We also think that the erection of a telephone line upon the public highway along lands of adjoining owners in which the public only has an easement for use as a highway, would not prevent the owner of the land from collecting damages for the new servitude to which his land is subjected, such use not having been in contemplation when the easement was taken or granted.''

Section 4043 of Crawford & Moses' Digest authorizes electrical power companies to construct, operate, and maintain its lines of wire along the public highways. It also provides that just damages shall be paid to the owners of such lands.

Section 22 of article 2 of the Constitution of Arkansas reads as follows: ''The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor.''

The highway department had a right to condemn or take a right-of-way over appellant's land. It, however, could not do this without paying him just compensation therefor, and it would have no right to appropriate or take the right-of-way over one's land for any purpose other than for a highway for the use of the public, and every additional servitude to which the land is subjected entitles the owner to compensation for such additional servitude.

The appellee had a right under the law to construct its poles and lines on the state highway, but it did not have the right to so construct its lines without paying damages therefor. The law could give the electrical company the right to erect its poles and lines on the state highway, but the Legislature could not give that right and deprive the owner of the land of compensation.

The fee in this land belonged to appellant. It did not belong to the State Highway Department, and wherever a plaintiff establishes the infraction of a right, but the evidence fails to show the extent of the damages resulting therefrom, he is entitled to nominal damages.

The Legislature expressly recognized the constitutional right of the landowner to damages for going on his land, although permission was given to construct the poles and lines on the highway. It recognized the right of the landowner, and that his property could not be taken, appropriated, or damaged, without compensation. When land is condemned for right-of-way or easement of any kind, the landowner still owns the land and it is subject only to the easement granted.

"He is entitled to be placed in the same situation so far as an award of damages can do it, as though no wrong had been committed. The actual injury is none the less because it was committed in good faith through mistake as to ownership. He has a right to be made whole again. To give him less than this still leaves him an injured party; there is some injury not redressed." *Powers* v. *Trustees of Caledonia Grammar School*, 93 Vt. 220, 106 Atl. 836.

Southerland on Damages, discussing this subject, says: "The damages which the law thus infers from the

infraction of a legal right are absolute; they cannot be controverted; they are the necessary consequent. The act complained of may produce no actual injury; it may be in fact beneficial, by adding to the value of the property or by averting a loss which would otherwise have happened; yet it will be equally true in law and in fact, that it was in itself injurious if violative of a legal right. The implied injury is from the circumstances; the fact that beyond violating a right it was not detrimental, or was even advantageous, is immaterial to the legal quality of the act itself.'' Southerland on Damages, Vol. 1, 4th ed., page 34.

The appellant was clearly entitled to nominal damages. Nominal damages, like exemplary damages, may vary almost indefinitely, depending somewhat on the amount of recovery, and on the circumstances of each particular case. *Western Union Tel. Co.* v. *Glenn,* 8 Ga. App. 168, 68 S. E. 881.

In this case the appellant testified that his land was damaged by reason of the construction of the poles and lines, and that one of the high tension lines was within a few feet of one of his tenant houses, and that the tenant had made objections. The amount of nominal damages may vary from one cent up to a considerable sum.

In the case of *Bourdette* v. *Sieward,* 107 La. 258, 31 So. 630, when a stockholder had been denied the right to examine the books of the corporation, but no actual damages had been shown, the court held that a verdict of $2,800 for the violation of a legal right was excessive, and reduced the amount to $500.

The Georgia court said: ''It is apparent that this 'trivial sum' might, according to the circumstances of each particular case, vary almost indefinitely. In some cases a very small amount might constitute the trivial sum contemplated by the term 'nominal damages'; in others a much larger amount might measure down to the same standard of triviality.'' *Western Union Tel. Co.* v. *Glenn,* 8 Ga. App. 168, 68 S. E. 881.

The court also said in the case of *Western Union Tel. Co.* v. *Glenn, supra*: ''And, while nominal damages are not strictly compensatory, they are always included in

general damages, and it is recognized that there is a class of cases in which the damages cannot be adequately and definitely estimated, and yet, for the infraction of the plaintiff's right, or the violation of a duty by the defendant, there is a right of recovery, on the principle that wherever there is a right there is a remedy.'' See also *Atlantic Coast Line Rd. Co.* v. *Stephens,* 14 Ga. App. 173, 80 S. E. 516.

''In abstract principle the law is that the person whose rights have been invaded is entitled to compensation proportioned in amount to the injury. The extent of the actual injury, however, is seldom matter of law; and when it is not, merely showing the wrong or breach of contract which constitutes the injury will only authorize the court to judicially declare that the party injured is entitled to some damages. If there is no inquiry as to the actual damages, or none appear on inquiry, the legal implication of damage remains.'' Southerland on Damages, Vol. 1, pages 31, 32, and cases cited.

After a consideration of the evidence and the peculiar circumstances in this case, we are of opinion that nominal damages of $50 should be awarded.

The judgment of the circuit court is, therefore, reversed, and judgment entered here for appellant for $50.

SMITH and McHANEY, JJ., dissent.