Ark. State Hwy. Comm. *v.* Ark. P. & L. Co.

5-2763                                   359 S. W. 2d 441

Opinion delivered June 4, 1962.

[Rehearing denied September 10, 1962.]

*Dowell Anders* and *H. Clay Robinson,* for appellant.

*House, Holmes, Butler & Jewell,* for appellee.

George Rose Smith, J.   Pursuant to a franchise granted by the city of North Little Rock in 1944 the appellee Power Company has been paying the city $6,000 a year for the privilege of maintaining its poles, wires, and other equipment in and along the city streets. The State Highway Commission is now engaged in the construction of a superhighway, to be known as a Freeway, that will be about a city block in width and will cross a section of the city's business district.

Portions of East Second Street and East Third Street will be crossed by the Freeway right of way. A segment of Second Street about a block in length will be obliterated by the new highway, and a similar segment of Third Street will be converted into an underpass.

The Highway Commission requested the Power Company to remove its poles, at its own expense, from those parts of Second and Third Streets that lie in the path of the Freeway. It is contemplated that the company's wires will cross the new right of way at an elevation of about sixty feet and will be supported on each side of the Freeway by tall poles placed in portions of Second and Third Streets not being taken by the new construction. When the company insisted that the expense of relocating the poles and lines should be borne by the Highway Commission the present action for a declaratory judgment in the matter was filed by the commission. This is an appeal from a judgment holding that the cost of relocation should be paid by the commission.

With respect to the commission's principal argument the case is indistinguishable from, and is governed by, our decision in a case having the same style as this one, *Ark. State Highway Comm.* v. *Ark. Power & Light Co.*, 231 Ark. 307, 330 S. W. 2d 77. There the commission was building a controlled access highway near El Dorado and demanded that the Power Company remove its poles from streets and county roads to be crossed and obliterated by the new facility. We held that under its franchise the company had a property right in the maintenance of its equipment in the city streets, so that it was entitled to be compensated for its expense in removing its poles from the new highway right of way.

In seeking to distinguish the earlier case the commission stresses this language in that opinion: "Hence if the city or county should change the right of way of a public street or road, or widen it, or relocate it, the Company could be required to change its poles and wires without compensation so as not to 'unnecessarily and unreasonably impair or obstruct' the street. But

here it is not a question of requiring the Power Company to relocate its poles so as not to unnecessarily or unreasonably impair or obstruct the traffic. The Commission has demanded that the Company remove its facilities entirely from the right of way.''

The appellant seizes upon the last quoted sentence and insists that here the Power Company is not being required to ''remove its facilities entirely from the right of way,'' since the new tall poles will be erected upon portions of Second and Third Streets that abut the Freeway. Hence, the agrument goes, there is merely a relocation within the city streets rather than a complete exclusion of the utility company from the public easement.

The fallacy in this contention lies in its assumption that our reference to ''the right of way'' was intended to mean the existing easement for the city streets (and county roads). It is plain from a study of the opinion as a whole that we were in fact referring to the new right of way for the controlled access highway. The Power Company was being ousted from its occupancy of that right of way, and its right to compensation stemmed from its property right in the streets and roads which were being destroyed by the new facility. In like manner the Company is being excluded in the case at bar from its right to occupy those portions of Second and Third Streets that stand in the path of the Freeway. We cannot sustain the commission's present contention without overruling the earlier case, which we decline to do.

It is also argued that Ark. Stats. 1947, § 35-301, requires the appellee to remove the poles at its own expense. This statute permits an electric utility company to place its poles and wires (a) along the public highways, (b), along city streets if the permission of the municipal authorities be obtained, and (c) upon private property if the just damages be paid, with a general proviso that none of these installations be made if the ordinary use of the highways, streets, or other facilities

would be obstructed. The appellant insists that this statute is broad enough to permit the State to require the appellee to bear the expense that is involved in this litigation.

This argument might have merit if the Power Company had erected its poles upon a State highway under clause (*a*) of the statute and was merely being requested to relocate them in connection with a widening or other renovation of the highway. See *Ark. State Highway Comm.* v. *Ark. Power & Light Co., supra.* That, however, is not the situation. Here the company placed its poles along the city streets under clause (*b*) and paid a substantial annual fee for the privilege. Under the case cited the company acquired a property right which could not be taken by the State Highway Commission without compensation, any more than would have been the case if the lines had been situated upon private property rather than upon the city streets. We must therefore conclude that the trial court was right in imposing the expenses in question upon the appellant.

Affirmed.

BOHLINGER, J., not participating.

WARD, J., dissents.