## SOUTHWESTERN BELL TELEPHONE CO. v. VIRGIL DAVIS

5-4987                                          445 S. W. 2d 505

Opinion delivered October 13, 1969

*Donald K. King, Charles G. Hollis* and *George F. Hartje,* for appellant.

*Guy H. Jones* and *Phil Stratton,* for appellee.

FRANK HOLT, Justice. Appellee, a Faulkner County road employee, brought this action against the appellant to recover damages for injuries appellee sustained when the road grader he was operating overturned upon striking appellant's underground baffle. A jury awarded appellee $20,000 and from the judgment on that verdict comes this appeal. Appellant first contends for reversal that the appellee was a trespasser upon its easement and, therefore, appellant is not responsible for appellee's injuries since no duty of care is owed to him.

This accident occurred in 1965 when appellee was shaping and widening a road which both parties agree is a public road established by prescriptive or adverse use for some forty years. In 1957 the appellant, by virtue of its utility easement, installed its underground toll cable upon lands adjoining the road and across and underneath the public road at a depth of about 5 feet. When the cable was installed the appellant, for purposes

of soil erosion control, embedded a baffle or revetment near the south side of the road and within its own easement. This baffle was constructed with pieces of telephone poles and crossarms driven into the ground. It formed a wall diagonal to the cable ditch. The top of the baffle was constructed flush with the ground. Appellant erected two signs which warned of the presence of the cable and that no one should dig in this area without notifying the telephone company. One of the signs was at the site of the baffle on the south side of the road and the other sign was on the north side of the road. When the appellant laid its cable in 1957 within its easement, the traveled portion of the highway was about 12 feet wide with a 3-foot bar ditch on the south side. For approximately 8 years following the installation of appellant's cable, the county's maintenance of the road was restricted to grading the roadbed and taking dirt from the adjoining bar ditch to fill holes in the road as well as to provide drainage. These maintenance operations were at infrequent intervals. Thereafter, or in 1965, the county officials decided to "rehabilitate" and widen this road from 12 to 24 feet to meet the needs of increased traffic. To accomplish this, a bulldozer was first used by the county to skin off the scrub trees, underbrush and surface of a portion of the adjacent lands. This was done at the site of appellant's easement. There a quantity of dirt was scraped off or removed from appellant's easement on the hillside south of the road. This was for the purpose of filling or building up the roadbed on the north side. In the process, a bulldozer operator knocked down appellant's warning sign and "shaved over" the top of the baffle. The telephone company was notified and the sign was not reinstalled by either the company or the county. About two weeks later the appellee, a motor grader operator, began grading and shaping the newly widened road. When the motor grader blade struck the baffle upon appellant's easement it caused the machine to overturn and injure appellee.

There was evidence that the baffle was located 11 feet from the south edge of the original bar ditch of the public road as it existed in 1957 and that following the widening of the road in 1965, this 11-foot distance was decreased to 4.4 feet at the nearest and 5.5 feet at the most distant point. It appears that the baffle does not exactly parallel the road. Appellee takes the position that the distance of 11 feet or 4.4 feet is immaterial because the use of this space upon appellant's easement was reasonably necessary to backslope the existing ditch in order to maintain, improve and widen this admittedly public road which had no definitive boundaries. Therefore, appellee could not be a trespasser upon this portion of appellant's adjoining property or easement.

We cannot agree. It is true that one who holds a right-of-way easement does have the right to preserve and maintain it. However, this right is subject to the limitation that in doing so nothing will be done to injure or damage the adjoining property rights of others. *Craig* v. *O'Bryan*, 227 Ark. 681, 301 S. W. 2d 18 (1957). There we quoted with approval:

"* * * It is a general rule that the owner of an easement of way may prepare, maintain, improve or repair the way in a manner and to an extent reasonably calculated to promote the purposes for which it was created or acquired, *causing neither an undue burden upon the servient estate nor an unwarranted interference with the rights of common owners or the independent rights of others.*"

Further:

"* * * As a general rule, when the character of an easement is once fixed, no material alterations can be made in physical conditions which are essential to the proper enjoyment of the easement except by agreement."

See, also, 76 A. L. R. 2d 555 (1961).

An easement is a property right and as such is entitled to all the constitutional safeguards afforded to other property rights. *Arkansas State Highway Comm'n* v. *Arkansas Power & Light Co.*, 231 Ark. 307, 330 S. W. 2d 77 (1959).

In the case at bar the county, in rehabilitating and improving the existing road, was in the process of widening the road, relocating the ditch, changing the grade of the roadway and its drainage facility. In doing so, the appellee removed from appellant's adjoining easement several feet of overburden which was used as fill for the new roadbed on the other or north side. It cannot be said that the portion of appellant's easement which the county used in backsloping and widening the existing public road was dedicated in any manner to the public use for a road. The public had established no title or rights by adverse use to any of the adjoining property extending beyond the traveled portion and the adjacent 3-foot bar ditch. The width of the public road before or after enlargement, viewed most favorably to the appellee, never extended closer than 4.4 feet to the baffle on appellant's property or easement. Such a width was all that was ever deemed necessary by the county for forty years in order to make the road a usable highway. This prescriptive right did not vest in the public the additional right at a later date to widen or enlarge this prescriptive use except by just compensation to or permission of the adjoining easement owner or landowner. Appellant, as an easement owner, has the same independent rights from unwarranted interference as was enjoyed by the landowner from whom it acquired this easement. It was private property and not subject to acquisition or use by the county in the manner contended by appellee. To hold otherwise and accept appellee's contention that this was a reasonable use of appellant's adjoining easement would be taking property without just compensation. Further, it would subject all landowners adjacent to a public road to possible liability where injury to one such as appellee results from ob-

jects left by the landowner flush with his ground within a few feet of a public road which needs to be improved and widened. Such concealed objects could include stumps, concrete emplacements, abandoned and covered wells and other items in addition to revetments.

Therefore, we must agree with the appellant that the appellee was a trespasser when the blade of his motor patrol struck the baffle upon appellant's easement. The only duty owed to a trespasser is not to willfully or wantonly injure him after his presence is known. *Knight* v. *Farmers' & Merchants' Gin Co.*, 159 Ark. 423, 252 S. W. 30 (1923); *Garrett* v. *Arkansas Power & Light Co.*, 218 Ark. 575, 237 S. W. 2d 895 (1951); *Webb* v. *Pearson*, 244 Ark. 109, 424 S. W. 2d 145 (1968); AMI No. 1102 and No. 1106. In the case at bar there is no substantial evidence of any willful or wanton act on the part of appellant, and, therefore, we must hold that appellee's evidence was insufficient to submit the case to a jury. It becomes unnecessary to discuss other points appellant urges for reversal.

Reversed and dismissed.