ARKANSAS LOUISIANA GAS COMPANY *v.*
CENTRAL UTILITIES CONSTRUCTORS, INC.

82-153                                                643 S.W.2d 566

Supreme Court of Arkansas
Opinion delivered December 20, 1982

*Wallace, Hilburn, Clayton, Calhoon & Forster, Ltd.,*
by: *David M. Fuqua,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

STEELE HAYS, Justice. By this appeal we are urged as a matter of first impression to adopt a rule of strict liability based on trespass, in place of liability based on fault, against one who has damaged an underground utility line. We decline, because it would be inappropriate to apply strict liability to the facts in this case.

Central Utility Constructors, Inc., appellee and defendant below, was awarded a contract to install a sanitary sewer system within the boundaries of Sewer Improvement District No. 144. Arkla and other utilities were consulted in the preparation of the construction plans to learn where utility lines were located within the district. Some of the information obtained from Arkla was inaccurate, but the plans accurately reflected where the lines were thought to be. During construction a number of breaks occurred in the gas lines and eventually Arkla sued Central, alleging some nineteen separate incidents of damage to its lines by reason of Central's negligence. The complaint was later amended to add that Central committed trespass in violation of Arkla's property rights in the lands occupied by its gas mains and therefore Central was liable irrespective of negligence.

The trial court declined to submit the issue of trespass to the jury, but did submit twelve of the nineteen counts (seven were non-suited) on the issue of negligence. The jury found that in six instances Central did not damage the lines and in four that Arkla's negligence was equal to Central's in causing the breaks. On the remaining two counts, the jury apportioned the negligence at 60% to Central and 40% to Arkla, returning a verdict of $439.20.

On appeal, Arkla contends the trial court erred in denying Arkla the right to try its case on the theory of trespass, arguing that although Central was not a trespasser to the easement, it committed a trespass to the chattels when it intentionally interfered with Arkla's gas lines. To illustrate the argument, Arkla points to one of the instances of damage, this one occurring on April 19, 1979 at 4611 Foster

Street in Little Rock. At that location Central encountered a two-inch cast-iron gas main running perpedicularly to the path of the sewer line. The plans showed the gas line to be in another location. Central employees called Arkla and were told "they didn't have time to fool with it." Central's crew then stripped dirt from the gas line for some distance, attempting to gain enough slack to raise the line about six inches to permit the sewer to pass underneath. In so doing, the gas line snapped and damage resulted.

Arkla cites the Restatement of Torts, Second, § 217, and *Cover* v. *Phillips Pipeline Co.*, 454 S.W.2d 507, 512 (Mo. 1970), for the rule that one who commits trespass to a chattel is subject to liability if the chattel is impaired as to its condition, quality or value. Other cases are cited supporting the same view, that liability for trespass to another's property, both real and personal, exists irrespective of negligence: *New York Steam Co.* v. *Foundation Co.*, 195 N.Y. 43, 87 N.E. 765 (1909); *United Electric Light Co.* v. *Deliso Construction Co.*, 315 Mass. 313, 52 N.E.2d 553, 556 (1943); *Mountain States Telephone and Telegraph Co.* v. *Vowell Construction Co.*, 161 Tex. 432, 341 S.W.2d 148 (1960); *Wisconsin Telephone Co.* v. *Reynolds*, 2 Wis.2d 649, 87 N.W.2d 285 (1958); *Illinois Bell Telephone Co.* v. *Chas. Ind. Co.*, 3 Ill. App. 2d 258, 121 N.E.2d 600 (1954).

We readily concede the existence of the rule appellant relies on and its support by respectable authority. Although it has ancient origins in the common law, in specific application it is the minority view, as a decided majority of jurisdictions hinge the right of recovery on negligence rather than on strict liability. Of the cases compiled at 73 ALR 3d 987, six jurisdictions apply the rule of strict liability for trespass, while at least twelve require fault as a basis of recovery.

In a fitting context, there is something to be said for both views, and we decline to commit to either position in this case because we find it unnecessary to do so. Whether we will want to apply strict liability arising from trespass in an appropriate case, we leave open, as there are distinguishing factual differences between the case before us and those

relied upon in appellant's brief where strict liability has been imposed.

Appellant leans heavily on *Mountain States Telephone and Telegraph Co. v. Vowell Construction Co., supra.* There, the Texas Supreme Court reversed the Court of Appeals and affirmed the trial court, where the telephone company had recovered a judgment against Vowell Construction Company for damaging its underground cable. The telephone company had buried its cable in the streets of El Paso under a franchise from the city which specified no particular depth. Some years later the city contracted, indirectly, with Vowell to pave and curb portions of the streets and in so doing Vowell's scraper snagged and severed the cable. The Court held that molesting the cable was a violation of a property right which gave rise to a cause of action regardless of negligence. In supporting its position (and in contrast to the case before us) the Supreme Court made due note of the fact that neither the city nor Vowell made any request of the telephone company to check its lines and, if necessary, remove and relay them.

In *Wisconsin Telephone Company v. Reynolds, supra,* also relied on, the telephone company had installed its cable under an easement on private property and later received notice from the owner that he intended to have the grade of the land lowered. After the notice the telephone company had stakes placed on the land to indicate the location and depth of its cable. The defendant was engaged to perform the grading and the telephone company asked the shovel operator to notify it when the grading operation reached within ten feet of the cable — saying it would then send its crew to assist in the excavation and relocation of the cable. When the grading company reached the designated depth the telephone company was called and responded by saying its crew would be on hand shortly, instructing the grader *not* to go any closer to the cable. The shovel operator continued to remove earth in the vicinity of the cable and finally broke it. Relying on Restatement, 1 Torts, pp. 555 and 556, § 218, the Court applied strict liability for trespass, at the same time discussing elements of negligence by the operator, but noting that the telephone company's request to the con-

tractor to be notified when grading reached a certain level was reasonable under the circumstances. Obviously, there are material differences between the *Reynolds* case and the case before us. Accepting Central's version of the facts, unlike *Reynolds,* Arkla declined to involve itself in the problem at 4611 Foster Street. We don't suggest that that gave Central a right to deliberately damage the gas line, but we do believe that forced to choose between the rigid rule of strict liability and the more flexible rule of negligence the trial court was correct in permitting the jury to decide what was reasonable under the circumstances.

Similarly, in *New York Steam Co.* v. *Foundation Co., supra; Illinois Telephone and Telegraph Co.* v. *Chas. Ind. Co., supra; Cover* v. *Phillips Pipeline Co., supra;* and *United Electric Light Co.* v. *Deliso Construction Co., supra,* the utility company had no notice of the work, and consequently no opportunity to prevent the occurrence.

Appellant cites *Pioneer Natural Gas Co.* v. *K & M Paving Co.,* 374 S.W.2d 214, 219 (Tex. 1963) and *Southwestern Bell Telephone Co.* v. *Davis,* 247 Ark. 381, 445 S.W.2d 505 (1969), but those cases have little value here, as they involve suits by contractors against utility companies for personal injury and damage to the contractors' operator and machinery resulting from contact with buried utility lines.

We have drawn a careful distinction between the cases cited and the case before us because we prefer to leave open the question of liability for trespass. There may be cases where liability without negligence is appropriate, cases where a utility company bears no part of the responsibility for damage inflicted on its system by the work of someone else (*Deliso* and *New York Steam* are fitting examples.) But we believe the trial court was correct on the evidence here in submitting the case to the jury on the appropriate negligence instructions. It is significant that the jury found Arkla's negligence to equal Central's in four instances and to be 40% of the total negligence in two others. It would, we think, be entirely unfitting to adopt a rule of strict liability here.

The judgment is affirmed.