The Honorable Brent Davis Prosecuting Attorney Second Judicial Circuit Craighead County Courthouse 511 Union, Suite 342 Jonesboro, Arkansas 72401
Dear Mr. Davis:
This is in response to your request, submitted by Deputy Prosecuting Attorney Alan Copelin, for an opinion on the following question:
 If the county seeks to spend road millage funds for the purpose of improving and/or widening its roads and there are utility poles within the county's right of way that prevent these improvements, who must pay for the removal or relocation of each utility pole?
It is my opinion that the answer to this question will depend upon all the facts surrounding the project and the relocation. There is a general common-law rule in such cases that the utility must bear the cost of relocation, but there are several exceptions to this rule.
The most recent discussion of the issue in Arkansas is embodied inSouthwestern Bell Telephone Company v. City of Fayetteville,271 Ark. 630, 609 S.W.2d 914 (1980). The court in that case found an exception applicable to require the City to reimburse the utility for the costs of relocation. The dissent had occasion, however, to quote from an earlier Arkansas case summarizing the common-law rule:
 But even though the Power Company has the right to maintain its poles on the rights of way, it does not mean that the company could not be compelled to move its facilities so as not to unnecessarily interfere with use of the streets. . . . Hence, if the city or county should change the right of way of a public street or road, or widen it, or relocate it, the Company could be required to change its poles and wires without compensation so as not to unnecessarily and unreasonably impair or obstruct the street.
 The basic rule is also set out in 12 McQuillin on Municipal Corporations 183, 34.74a (3d ed. Rev. 1970):
 The fundamental common-law right applicable to franchises in streets is that the utility company must relocate its facilities in public streets when changes are required by public necessity. Accordingly, it is generally held that the municipality may require a change in the location of pipes or other underground facilities of the grantee of a franchise, where public conveniences or security require it, even at the grantee's own expense. . . .
Southwestern Bell v. City of Fayetteville, supra, at 636-637, (Stroud and Smith, JJ, dissenting) quoting Arkansas State Highway Commission v.Arkansas Power and Light Company, 231 Ark. 307, 330 S.W.2d 77 (1959).
The general common-law rule requiring utilities to bear the costs of relocation is also discussed in a number of cases from other jurisdictions. See, e.g., City of Livermore v. Pacific Gas and ElectricCompany, 51 Cal.App.4th 1410, 59 Cal.Rptr.2d 852 (1997) (at common law, when a public utility accepts franchise rights in public streets it assumes an implied obligation to pay for relocation of its facilities when necessary to make way for a proper governmental use); Pacific Gasand Electric Company v. Dame Construction Company, Inc.,191 Cal.App.3d 233, 236 Cal. Rptr.351 (1987) (according to the common law rule, in the absence of a provision to the contrary, a public utility's franchise rights in a public street are subject to an implied obligation to relocate its facilities at the utility's own expense when necessary to make way for a proper governmental use of the street); Pine BeltChevrolet, Inc. v. Jersey Central Power and Light Company, 132 N.J. 564,626 A.2d 434 (1993) (under the common law a utility company is required to pay the costs of relocating a utility facility when the relocation is required because of highway construction that furthers the public interest); Fellowship Bank v. Public Service Electric and Gas Company,
158 N.J. Super.107, 385 A.2d 887 (1978) (where public interest required certain width for a street, a public utility is responsible for costs of relocating utility facilities; that is the price the utility must pay for the privilege of location within a public right of way when the public welfare requires changes in the road); State Highway Commission ofWyoming v. Sheridan-Johnson Rural Electrification Association,784 P.2d 588 (Wyo. 1989) (common law requires that utilities pay the cost of removing and relocating their facilities placed upon public highways when necessitated by highway improvements); Interstate Power Company v.Dubuque County, 391 N.W.2d 227 (Iowa 1986) (utility poles and lines must be relocated at the owner's cost whenever, by reason of enlargement or repair of a highway, such poles or lines become an obstacle); IowaElectric Light and Power Company v. Iowa State Highway Commission,231 N.W.2d 597 (1975) (as a general rule utility poles and lines must be relocated at the owner's cost whenever, by reason of enlargement or repair of a highway, such poles or lines become an obstacle); andCommonwealth Department of Transportation v. Pennsylvania Power Light, 34 Pa. Cmwlth. 594, 383 A.2d 1314 (1978) (historically non-transportation public utilities have been permitted to occupy highway rights of way free of cost, subject to and subordinate to the State's police power to control and regulate the highways for the benefit of the public. Such utilities obtain no property rights in the highway and can be ordered to relocate their facilities at their own expense).[1]
As noted in many of the cases cited above, however, the common-law rule imposing liability for relocation costs on the utility can be abrogated by statute. See Southwestern Bell v. Fayetteville, supra at 634 (noting that the common-law rule can be changed by contract or legislation). There are several Arkansas statutes that appear to abrogate the common law rule in certain instances. See e.g., A.C.A. § 14-303-307 (municipal tollway authorities must pay utility relocation costs on tollway projects); A.C.A. § Title 19, Appendix, No. 12 "Capitol Mall Facility and State Agencies Facilities Acquisition Act of 1991" § 13 (b)(4) (utility installation or relocation to be paid as part of project cost); A.C.A. §18-15-302 (city to pay cost of relocating utility facilities occasioned by creation of water supply lake) and A.C.A. § 27-71-209(e) (turnpike authority to pay costs of relocating utility lines for turnpike projects). I have found no general statute, however, abrogating the general common law rule with regard to county road projects financed by the county road millage funds.
As noted previously, even if the common law rule imposing the cost of relocation on the utility has not been abrogated by statute in a given instance, some type of common law exception may apply to require the public entity to fund the relocation. The existence of such an exception must be decided on a case-by-case basis. See Southwestern Bell v.Fayetteville, supra. In the Fayetteville case, the Arkansas Supreme Court held that because that municipal street project was constructed under a federal-aid urban system program, and because federal law and state law contemplated federal reimbursement for persons whose property rights had been "displaced," (see 42 U.S.C. § 4601, 23 U.S.C. § 123a and A.C.A. §22-9-701), the utility was entitled to be reimbursed for the costs of relocation.
Earlier cases of the Arkansas Supreme Court indicate other exceptions to the general rule. See, e.g., Arkansas State Highway Commission v.Arkansas Power and Light Company, 231 Ark. 307, 330 S.W.2d 77 (1959) (where relocation required complete ouster of utility facilities from right of way, public agency must bear relocation costs); Arkansas StateHighway Commission v. Arkansas Power and Light Company, 235 Ark. 277,359 S.W.2d 441 (1962) (where much higher utility poles were required by public entity, ouster had occurred, justifying public reimbursement of relocation costs); and City of Little Rock v. Arkansas Louisiana GasCompany, 261 Ark. 347, 548 S.W.2d 133 (1977) (where severe limitation of access to the facilities was placed on utilities, ouster had occurred, and public must bear costs of relocation).
An exception to the general rule is also held to exist when the actions of a private developer necessitate the relocation of the utility lines.See, e.g., Pacific Gas and Electric Company v. Dame ConstructionCompany, Inc., supra (where private party, on its own initiative and not that of government, develops parcel of land and thereby creates or aggravates need for public improvement which requires relocation of existing utility equipment, private party bears the necessary relocation costs). In addition, an exception exists where the utility poles are on private land under an easement by prescription. See, e.g., State HighwayCommission v. Ruidoso Telephone Company, 73 N.M. 487, 389 P.2d 606
(1964), and Arkansas State Highway Commission v. Arkansas Power LightCompany, 231 Ark. 307, 330 S.W.2d 77 (1959). The public entity must compensate the utility for the costs of relocation in such instance.
The dissenting justices in the Fayetteville case believed that the creation of so many exceptions by the Arkansas court had swallowed the general rule of utility company liability. The majority pointed out, however, that "[w]e do not hold that in all cases of utility relocation the governmental authority must reimburse the utility for its costs, and we leave exceptions for future determination." Id. at 635. The court also noted that liability for relocation costs could be addressed by municipal ordinance or in the municipal franchise. Id. at 635.
In response to your request, therefore, the general rule is that the utility is to bear the costs of relocating utility facilities necessitated by public highway construction. A number of exceptions apply, however, and as such, the facts and circumstances surrounding a particular project must be evaluated. Existing local agreements or ordinances may control and must be considered.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Public utilities in Arkansas are authorized to use the rights-of-way of state highways for purposes of placing their poles, as long as they do not interfere with the public's use for highway purposes. A.C.A. § 27-67-304. They may do so under existing or future agreements or permits. See A.C.A. § 27-67-304(b). I have found no similar express provision of state law with regard to county roads.