The Honorable Gene Jeffress State Senator 1483 Ouachita 47 Louann, Arkansas 71751
Dear Senator Jeffress:
I am writing in response to your request for an opinion on the legality of the Arkansas Highway Department's closing of an access road leading to Woodard Lake in Ouachita County. You state the following facts and pose the following questions:
 This lake is a river lake fed by the Ouachita River and has been stocked periodically by the Game and Fish Commission. The lake has been open to the public for many years. A public access road to the lake has been maintained by Ouachita County for many years. The County has graveled the road, graded the road and has cleaned the area around the road.
 Recently the Highway Department has (in their right-of-way) closed off the access road to Woodard Lake much to the chagrin of the county and the people who used the lake.
 My question is: Does the Highway Department have the authority to close off this road? Does the county have any recourse? *Page 2 
RESPONSE
I regret that I am unable to provide an answer to this question due to the inherently factual nature of the inquiry. Your question involves the Arkansas Highway and Transportation Department's authority to place a gate within its "right of way"[1] so as to block access to a particular road. Factual questions may arise as to the public or private nature of the road in question, including whether any prescriptive rights have been acquired by the public in the road. See, e.g., Carson v. Drew County,354 Ark. 621, 128 S.W.3d 423 (2003) (Where there was long-time use of a roadway, a turnaround and a landing and parking area by the public, the general public acquired a right-of-way over the area through prescriptive easement). Questions involving prescriptive easements are inherently factual and it has been stated that former judicial decisions are rarely controlling on the issue. Id.
In addition, resolution of your questions concerning the Department's right to close the road would not appear to resolve the ultimate controversy, which is apparently over the right of the public to access not just the road, but the lake to which the road leads. That issue may involve a determination of whether the lake in question is "navigable." This is an "inherently factual" question. See, e.g., Ops. Att'y Gen. 98-312
and 97-047, citing Lutesville Sand Gravel Co. v. McLaughlin,181 Ark. 574, 26 S.W.2d 892 (1930) (question of navigability under state law is factual). See also, Arkansas River Rights Committee v. EchubbyLake Hunting Club, 83 Ark. App. 276, 126 S.W.3d 738 (2003). See also, Op. Att'y Gen. 92-193 (copy enclosed) (discussing the public's right to access certain "river lakes" in southern Arkansas and concluding that the questions of whether such lakes are public or private and whether the public has the right to use roads to gain access to such lakes are factual in nature).
I am not a fact-finder in the issuance of official Attorney General opinions. I thus cannot take testimony or resolve disputed issues of fact in this regard. That power is reserved in this instance to the judiciary. In that regard, I will note that litigation over this issue may reportedly ensue. See, e.g., Mike Linn, "State rules fishing hole isprivate; gate stays" (Arkansas Democrat-Gazette, August 11, 2007 (noting that "a handful of residents may soon seek a court injunction to have the gate *Page 3 
removed until a judge can determine whether the lake is public or private"). Although I have a statutory duty to render my opinion to members of the legislature and various state officials regarding certain matters of state law (see A.C.A. § 25-16-706 (Repl. 2002)), my office adheres to the long-standing policy against issuing opinions on matters that are the subject of pending or impending litigation. See, e.g., Ops. Att'y Gen. 2007-188 and 2007-039.
As a consequence, I am unable to provide an opinion on the issues you present. I regret that I could not be of more assistance in this matter.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General
[1] The term "right of way" usually refers to an easement, or the strip of land which is occupied for the easement. Craighead ElectricCooperative Corp. v. Craighead County, 352 Ark. 76, 98 S.W.3d 414
(2003). It is my understanding in this instance that the Arkansas Highway and Transportation Department may own fee simple title to the strip of land in question. *Page 1